## W. R. P. JONES *v.* J. H. HARRIS.

1. AWARD. *Upon partnership accounts. Original cause of action extinguished.*
H. and J. had been partners in two mercantile firms, one styled H. & Co., and
composed of H., J., and G., and the other styled H. & J., and composed of
H. and J. alone. The former was dissolved some time in 1876, the latter on the
24th of February, 1878, on which day H. and J. agreed "to leave the settle-
ment of the difference each one claimed in regard to final settlement of
accounts between them" to arbitrators, "who were to take their books and
accounts and decide what amount is properly due either one of said parties."
About two years and a half after such agreement was made the arbitrators
made their award. But in the meantime H. brought an action against J. on
some accounts assigned to him by the firm of H. & Co., upon a settlement of
the affairs of that firm, made in October, 1877. The defendant pleaded the
submission and the award thereunder embracing the accounts sued upon.
The plaintiff demurred to the plea, on the ground that the submission did not

include the accounts sued on, and that the arbitrators, in considering them, had exceeded their authority. *Held,* that the submission embraced all accounts involving mutual indebtedness between the parties, and that the award was an extinguishment of the cause of action upon the accounts sued on.

2. SAME. *Revocation. Institution of suit.*
An agreement to submit to arbitration cannot be revoked by the institution by one of the parties of an action based upon the matter of the submission.

3. PLEADING. *Arbitration and award. Exhibits.*
Where a plea to an action at law sets up an arbitration and award in bar of the action, it is improper to attach thereto, as exhibits, copies, respectively, of the submission and the award.

APPEAL from the Circuit Court of Tate County.

Hon. SAMUEL POWELL, Judge.

J. A. Harris brought this action, in March, 1880, to recover the amount of certain open accounts declared to have been due by W. R. P. Jones, some individually and the others jointly with certain other persons, which accounts had been assigned by the firm of J. A. Harris & Co., composed of Harris, Jones, and one J. C. Graham, who had been engaged in a mercantile business in 1874 and 1875, to said Harris, upon a settlement of the partnership business, made in October, 1877. The defendant, Jones, filed a special plea averring that he and the plaintiff had been partners also, from 1873 to 1878, in another firm, styled Harris & Jones, and that upon the dissolution of that firm, on the 24th of February, 1878, the plaintiff was indebted to the defendant in a specified sum, though the same was unliquidated between them, much larger than that sued for in this action, and on that day, upon consideration of $500 paid by the defendant to the plaintiff, they entered into an agreement in writing, the substance of which is set out in the plea as follows : "The said plaintiff and the said defendant agreed to leave the settlement of the difference each one claimed in regard to final settlement of accounts between them to W. H. Anderson and D. C. Holland, who were to take their books and accounts and decide what amount is properly due either one of the said parties, Harris or Jones ; and they further agreed to abide by said decision, and whatever amount is decreed to either shall be paid."

The plea further avers substantially that the said arbitrators, after due notice to Harris, met, examined and considered all the matters submitted to them by said agreement, including the accounts here sued upon, and on the 15th of September, 1880, made and published their award, in writing, and under their hands and seals; which award showed that the plaintiff was indebted to the defendant in a much larger sum than the amount here sued for. Copies of the agreement of submission and of the award, respectively, were attached to the plea, and referred to as exhibits.

The plaintiff demurred to the defendant's plea upon the grounds, (1) that the arbitrators had no authority to include in their arbitration claims growing out of the partnership of J. A. Harris & Co., but were restricted to those pertaining to the firm of Harris & Jones; (2) that by the delay of the arbitration for two years and eight months after the agreement for submission, without any effort of the defendant to bring about the same, he had abandoned his right thereto; and (3) that, if the claim sued on was included in said agreement, the plaintiff's bringing this action was a revocation of the authority of the arbitrators in respect thereto, and the award, made after suit brought, cannot be pleaded in bar or as an offset.

The demurrer was sustained, and, the defendant refusing to plead further, a judgment was rendered against him for the amount claimed, and he appealed to this court.

*Shands & Johnson*, for the appellant.

1. If the amounts here sued for were at the time of the submission, in the language of the plea, a " difference that either one, Harris or Jones, claimed in regard to final settlement of accounts between them," and if at that time Harris held claims against Jones, and *vice versa*, then clearly this claim, being one so held, is within the scope of the submission, without regard to its origin. We think the submission, as set out by averments in the plea, was broad enough to cover any " difference that either one claimed in regard to final settlement of accounts between them."

Did these parties owe money to each other at the time of submission? If yea, where is the authority for exempting all of Harris' claims from the submission and leaving only Jones' claims to be arbitrated. Such a one-sided arrangement as this could not have been intended by the parties at the time of the submission. The very claims here sued on were in existence in the hands of Harris against Jones at the time of the contract as set out in the plea; and the plea further alleges that the arbitrators understood the agreement to embrace them, and in making up their award they included the same in their findings.

2. Technically, the plea interposed by the defendant below is neither a plea of payment nor of set-off, but is a plea of award. Some authorities say that an award made after suit brought can be pleaded as a set-off, or in bar, if the plea alleges full satisfaction of the claim sued on. The plea herein sets out a full and complete satisfaction and extinguishment of appellee's claim.

3. The ground of demurrer that too much time elapsed between the submission and the arbitration is not good. "When no time is named in the submission within which the award is to be made, it is said the arbitrators may take what time they please, provided the delay be not against the will of the parties." Morse on Arbitr. & Awards, 225 (citing in foot-notes 37 Me. 504; 6 Vt. 666; 1 Dutch. 281; 10 Yerg. 444; 3 Man. & Sel. 145).

4. That the bringing of this suit by the appellee revoked the authority of the arbitrators to proceed to an award, is a proposition not supported by any reputable authority in a case where a consideration good and sufficient had been paid to secure the submission, and the submission was duly and fully entered into. In fact, the whole doctrine that the bringing of a suit in any instance will operate as a revocation of the authority of the arbitrators to proceed, seems to be denied fully in the late case of *Knaus* v. *Jenkins*, 11 Vroom, 288.

*Oglesby & Taylor*, for the appellee.

1. We think it quite clear that the claims sued on were not embraced in the agreement for arbitration between Harris and Jones, and consequently, as the authority of the arbitrators was limited to the precise matters submitted, they had no right or power to embrace in their award, or in any manner deal with said claims. The general rule of law is that the power of the arbitrators is limited to the determination of precisely the questions that are submitted. Morse on Arbitr. & Awards, 181, and cases cited. The law will not by a forced construction include in a submission disputes obviously not included, though so cognate that their annexation would have been highly natural and proper. Id. 64, and cases cited. The American rule of construction of arbitration agreements is that only such matters are included as are in fact mentioned, or by the necessary implication of the language are included. Id. 491.

This agreement, we contend, was to settle by arbitration between Harris & Jones all matters of controversy growing out of the firm of Harris & Jones, just as Harris, Jones, and Graham had settled in the October preceding all the business of the firm of J. A. Harris & Co. What had been settled in the first arbitration was, we submit, not included, or designed to be included, in the second arbitration.

2. Even if the submission was designed to, and in fact did embrace the claims sued on, still the authority of the arbitrators to consider said claims in their award made September 15, 1880, had been revoked by the institution by Harris of this suit in March, 1880, after having waited nearly three years for the arbitrators to act in the matter. The law is, that if no time be named in the submission, within which the award is to be made, and the arbitrators delay their award unreasonably, either party has the right of revocation. Id. 225. And the right of revocation can be exercised as well by implication as by the institution of suit on the matter submitted, as by the express act of the parties. Id. 236; *Peters' Administrator* v. *Craig*, 6 Dana, 307.

CAMPBELL, J., delivered the opinion of the court.

The award pleaded constituted a bar to the further prosecution of the action. The matter involved in the action was a matter of accounts between the parties. The foundation of the action was several open accounts against the defendant which had been assigned to the plaintiff. The special plea avers that there were other matters of account between the parties, and that the plaintiff was largely indebted to the defendant, and that they agreed " to leave the settlement of the difference each one claimed in regard to final settlement of accounts between them " to arbitrators, " who were to take their books and accounts and decide what amount is properly due either one of the said parties." The submission as set forth in the plea embraced all accounts involving mutual indebtedness between the parties, and the ascertainment of the difference, so as to determine which was debtor to the other, and the amount of such indebtedness, and the award, was an extinguishment of the cause of action.

The submission was not revoked by the institution of the action, if it be true that the plaintiff could revoke it, upon which we deem it unnecessary to express an opinion. 11 Vroom, 288; 10 Vt. 91.

We have confined our view to the plea, and have declined to look to the submission and award, which are improperly appended to the plea as exhibits.

The judgment is reversed, the demurrer to the special plea is overruled, and leave given to the plaintiff to reply to the plea, and the cause will be remanded for further proceedings in the Circuit Court.