CHARLES E. BLACK *v.* W. P. WASHINGTON, *et al.*

1. SUPREME COURT PRACTICE.    *Bill in Chancery.*    *Objection thereto not taken in court below. Case in judgment.*

   The objection that a bill for partition is in effect an action of ejectment, inasmuch as the complainants had neither actual nor constructive possession of the land, which was held adversely by the defendant, must have been made in the lower court to be availed of here.

2. PARTITION.    *Of estates for life and in fee. Case in judgment. Sec.* 2553 *applied.*

   W. and others held a one-half interest in fee simple in a certain tract of land. B. held a one-fourth interest in fee therein, and an estate for the life of another in the remaining fourth. *Held,* that the land was subject to partition under Sec. 2553, Code of 1880, which provides that "partition of land held by joint tenants, tenants in common and co-parceners, having an estate in possession, and not in reversion or remainder, whether the joint interest be in the freehold, or in any term of years not less than five, may be made by decree of the Chancery court."

APPEAL from the Chancery Court of Noxubee County.

HON. F. A. CRITZ, Chancellor.

W. P. Washington and others exhibited their bill against Charles E. Black and others, to have certain lands partitioned. The bill, among many other things, alleged that C. E. Black and Hannah Mallory were then, and had been in possession, of the lands for a number of years, and that they derived their title under and through a certain deed made in 1852 by Durant

H. Davis, who claimed the lands in question. The defendant, Black, answered, setting up title by adverse possession.

The Chancellor found the facts as follows: That one Hatch died in 1851, leaving the lands in question, one-fourth to his wife in fee simple, and one-fourth for life to each of his three daughters, Mariah, Caroline and Henrietta; with remainder to their children respectively. That the heirs of Mariah, she being dead, were entitled to a one-fourth interest in fee; the heirs of Caroline to a one-fourth interest in fee; and that Black and those claiming with him were entitled to a one-fourth interest in fee by virtue of their purchase of the interest of the wife, Mrs. Hatch, deceased, and by virtue of their purchase of the interest of Henrietta, who is still living, to an estate for her life in the remaining one-fourth; but that the possession of Black and those through whom he claimed was not adverse, but subservient to the interest of the complainants; and he ordered that the lands be partitioned, and one-half thereof be set off to Black and those claiming with him, and one-fourth to each of the other two sets of heirs. From this decree Black appealed.

*Bogle & Bogle,* for the appellant.

That D. H. Dayes took possession of the land, claiming it as his own before the death of Edmund Hatch, through whom complainants claim title, and that such possession was adverse and known to be such to Col. Hatch before his death, and has continued down to the present time, can scarcely admit of a doubt from the testimony.

*Brame & Alexander,* on the same side.

1. Appellees were neither joint tenants, tenants in common, nor coparceners, and the statute denies to them the remedy by partition. *Belew* v. *Jones,* 56 Miss. 342.

Land will not be partitioned during the continuence of the life estate under a will. Ex-parte *Miller,* 90 N. C. 625; citing 3 *Jones,* Eq. 400; 73 N. C. 174; 8 Ired. 25; 76 N. C. 109.

Where the petitioner has an estate for life of another and an equal share with defendants in a contingent remainder, partition will not be granted. 83 N. C. 477.

Under the Virginia statute similar to our own, it was held that a widow holding dower is neither a tenant in common, a.

joint tenant, nor a coparcener with the heirs at law, and partition between them did not lie. *White* v. *White*, 16 Grat. 268.

A remainder-man can not against a life tenant have partition. This is because the shares allotted, although they may be equal at the time partition is made, might be unequal when the life estate terminates and the remainder-man comes into possession ; and if a sale were necessary the life tenant might practically lose the benefit of his term. *Freeman, Cot. and P.*, Section 441 ; 66 N. Y. 37 ; 30 N. Y. (Hun.) 349.

The cases holding otherwise will be found to be controlled by special statutes, as in *Mass., Ind.* and *Texas.*

The justice and reason of the foregoing rule is made obvious by the application of it to the present case.

2. The relief sought for is clearly not such as can be ad-administered in a partition proceeding. It is conceded, and if it were not it abundantly appears that when the suit was brought appellees were not in possession of any of the land, and that C. E. Black was in possession of it all, claiming it *adversely.*

The settlement of such adverse claims was not contemplated by the statute. *Nugent et al.* v. *Powell*, 63 M. 99 ; *Spight* v. *Waldran*, 6 *Miss.* 360.

The foregoing objections go to the foundation of the suit, and are applicable even if it be conceded that the allegations of the bill are true and under the petitioner's own proof.

*J. E. Madison,* for the appellees.

1. Want of jurisdiction.

Appellant makes the point here, for the first time, that § 2553 of Code 1880 prohibits partition in cases of this kind. This point is made for the first time.

*Jones* v. *Bellew*, in 56 Miss., 342, and *Nugent and McWillie's* case in 63 Miss. 99, are not applicable to this case.

Tenants for life and tenants in fee were tenants in common ; some of the remainder-men bring this bill against one life tenant and assignees or remote vendees of other life tenants and tenant in fee, and ask for partition. The statute does not prohibit it.

A tenant for life or for years could, both at law and in equity, compel a partition. *Freeman* on Cot. and Partition, § 455.

Opinion of the court.

CAMPBELL, J., delivered the opinion of the Court:

We are not willing to disturb the finding of the chancellor ·on the facts as to the dispute about adverse possession by Davis.

The objection not taken in the lower court, but made for .the first time here, that this bill is in effect an action of ejectment (inasmuch as the complainants had neither actual or constructive possession of the land, all of which was held adversely to them by the appellant), however effective it might have been if made in a proper manner in the chancery court, is not available here. It was waived by the silence of appellant when he might have made it.

The proposition that the land was not partible because as to .a one-fourth interest in it the appellant has only a life estate is not maintainable. It is not essential to the right to partition that the cotenants shall have estates that are equal. One may have a term, another an estate for life, and another an estate in fee. All that is necessary is that they shall be cotenants of what is proposed to be partitioned. A remainder or reversion will not be partitioned ; but that does not hinder an estate in pos·session from being partitioned among the cotenants, and the .fact that there is a remainder or reversion is not a bar to partition among those having an interest in possession. Freeman on Cotenancy and Partition, §§ 439, 440, 455 ; 1 Story's Eq. Jur. § 656 ; 3 Pomeroy's Eq. Jur. §§ 1386, 1387 ; *Baring* v. *Nash*, 1 Vesey & Beame's Rep. 550 ; *Nichols* v. *Nichols*, 28 Vermont Rep. 228.

*Affirmed.*