MRS. ADDIE R. BLAND et al. v. J. H. BLAND.

[62 South. 641.]

1. APPEAL AND ERROR. Review. Findings of Chancellor. Partition. Submission of issue to jury. Right of defendants. Remaindermen. Code 1906, sections 558 and 3525.

Where on appeal the record does not show the chancellor was wrong in his findings on the facts, they will not be disturbed.

2. SUBMISSION OF ISSUE TO JURY. Right of defendant. Code 1906, section 558.

Under Code, 1906, section 558 providing for jury trials in chancery courts, a trial by jury is not a matter of right and is allowed only in the discretion of the court.

3. PARTITION. Parties. Defendants. Remaindermen. Code 1906, section 3525.

Since under Code 1906, section 3525, so providing, in a proceeding for partition of land where the title of complainants is controverted, the chancery court is given authority and power to try and determine all questions of title and remove clouds from the same. In such a suit where the life tenant and remaindermen joined as defendants, and filed a cross bill denying complainants' title, it was not error for the chancellor to refuse to dismiss the bill as to the remaindermen and after determining the question of title in favor of complainant as against all the defendants, to award partition only against the life tenant.

APPEAL from the chancery court of Lafayette county. HON. L. J. FARLEY, Special Chancellor.

Suit by J. H. Bland against Mrs. Addie E. Bland and others. From a decree for complainant, defendants appeal.

The facts are fully stated in the opinion of the court.

Falkner, Russell & Falkner, for appellants.

A jury should have been allowed appellants. Code 1906, section 558. Caradine v. Caradine, 58 Miss. 286;

*First State Bank* v. *Lincoln,* 53 So. 387; Const., sec. 31; Adams Eq. (5th Ed.), p. 713 (Notes), citing *Lee* v. *Beatty,* 8 Dana, 207; Daniels' Ch. Pl. & Pr. (4th Ed.), pp. 1070 and 1080.

The special chancellor in his written opinion states very positively: "Personally, I would prefer to sustain this motion (for a jury) and thereby shift the responsibility, but was constrained and convinced from the pleadings, argument of counsel, etc., that this was not a case in which, under the law, a jury should be allowed."

If this notion of the chancellor be correct, then section 558, Code 1906, is a nullity—there are no cases "necessary and proper to be tried by a jury," since the only questions set up by the pleadings and the entire proof, were solely questions of fact, to-wit: 1st. That complainant paid no part of the purchase price. 2d. That he was guilty of fraud in obtaining the deed in his own name. 3d. Adverse possession. All these matters are solely questions of fact.

It is nowhere held that it is not always discretionary with the chancellor to allow a jury. The meaning of "discretion" must be determined by judicial rules—not mere whim or caprice. Certainly the paramount duties of juries are the determination of questions of fact.

As to the court's refusal to allow complainant to dismiss his bill as to reversioners and remaindermen; and the court's refusal to allow defendants to dismiss their cross-bill: 1st. This suit is for partition only. Code 1906, section 3521, plainly and specifically forbids any partition effecting either revisioners or remaindermen. *Lawson* v. *Bonner,* 88 Miss. 235, plainly and most positively pronounced this to be the law. The very able and exhaustive brief of counsel for appellants in *Lawson* v. *Bonner* give the entire holding on this point. Hence, if they are not proper parties, why was it not proper to dismiss as to all save the life tenant, Mrs. Addie R. Bland? It was not only the uniform holdings that revi-

sioners and remaindermen could not be made parties to a partition proceeding, not only the statute protected them also but it was the simple duty of the chancellor to protect their interest.

Being improper parties—impossible parties, if you please, with complainant's counsel and likewise defendant's counsel doing their best to get them out of the case, yet the court turned a deaf ear to both; kept these remaindermen in court—several of them minors, and finally mulced them into three-fourths of the costs. *Lawson* v. *Bonner, supra,* flatly holds this error.

This, in itself, must reverse this cause, and besides the decree is an entirety; it cannot be reversed in part (*Lawson* v. *Bonner, supra*). The rights of infants must be protected whether pleaded or not. *Price* v. *Crone,* 44 Miss. 571. Likewise the rights of remaindermen are such that we invoke the careful reading of counsel for the appellant's brief in *Lawson* v. *Bonner, supra.* As to further authority to dismiss the cross-bill, etc., see original brief for appellants.

We maintain that the chancellor's holding that section 3525, Code 1906, gave him the right to hold these remaindermen proper parties litigant, is in total violation of the holding in *Lawson* v. *Bonner, supra,* and likewise in opposition to section 3521, Code 1906. It was never intended that section 3525 should apply to partition proceedings wherein there are remaindermen or revisioners.

*Kimbrough & Slough,* for appellee.

In answer to the first six pages of the brief of appellant, we deem that it is only necessary to say that the chancellor found for the complainant, the appellee, and the testimony is ample to base such finding upon.

"The proposition that the land was not partible because as to a one-fourth interest in it the appellant has only a life estate is not maintainable. It is not essential to the right to petition that the cotenants shall have es-

tates that are equal. One may have a term, another an estate for life, and another an estate in fee. All that is necessary is that they shall be cotenants of what is to be partitioned. A remainder or reversion will not be partitioned, but that does not hinder an estate in possession from being partitioned between the cotenants, and the fact that there is a remainder or reversion is not a bar to partition among those having an interest in possession.'' Quotation from the case of *Black* v. *Washington,* 65 Miss. 60. Cited with approval in the case of *Lawson* v. *Bonner,* 88 Miss. 235.

In *Lawson* v. *Bonner* above cited, this language is used by the court: ''The extent of its (the court's) power was to have partitioned the land on the west side of the road between Emily N. Lawson and *Laura* v. *Bonner,* leaving a new partition to be made at the death of the life tenant, Emily N. Lawson.''

''Unity of possession is all that is needed to constitute tenancy in common, regardless of the time of commencement, quantum of interest, or source of title.'' *Laughlin* v. *O'Reily,* 92 Miss. 125.

The court will see from reading the decree of the chancellor, pages 170 to 172 that the law announced in the case of *Lawson* v. *Bonner* was followed in this case, the partition was made between J. H. Bland, complainant, and Mrs. Addie R. Bland, the life tenant and widow of J. R. Bland, leaving a new partition to be made at the death of the life tenant.

Argued orally by *Lee M. Russell,* for appellant, and *C. E. Slough,* for appellees.

REED, J., delivered the opinion of the court.

J. H. Bland filed a bill for partition of a quarter section of land. On April 10, 1883, the land was conveyed by H. M. Sullivan to J. H. Bland and J. R. Bland, brothers, by deed duly recorded. J. R. Bland died testate in 1908,

and in his will devised his land to his wife, Mrs. Addie R. Bland, for her life, and at her death to his children. The bill made the widow and children defendants.

An answer and cross-bill were filed by defendants, appellants here, in which they denied that the land was owned by J. H. Bland and J. R. Bland as tenants in common, and averred that J. R. Bland had furnished the money for the purchase of the land, and sent it by J. H. Bland to the vendor, with instructions to close the purchase for him; that J. H. Bland, secretly and in fraud of the rights of his brother, had the deed executed to himself and his brother jointly; and that J. R. Bland had taken actual and exclusive possession of the land, and had remained so in possession until his death, paying taxes, cultivating it, and claiming it at all times as his own.

Appellants prayed in their cross bill that the deed from Sullivan to J. H. Bland and J. R. Bland be declared fraudulent and void. J. H. Bland thereupon answered the cross-bill, and denied all the material averments and charges therein. Much testimony was taken to support the contention of the appellants and the appellee respectively.

The chancellor decided in favor of appellee, holding that the land sought to be divided was owned by J. H. Bland and J. R. Bland, the brothers, in equal parts as tenants in common, and in pursuance of the conveyance to them by H. M. Sullivan, which deed he held to be valid and binding; that upon the death of J. R. Bland his undivided one-half interest under his will was to be held and owned and possessed by his widow, Mrs. Addie R. Bland, for and during her life, and at her death was to go to his children named in his will, who owned the fee in the land. We are not shown by the record that the chancellor was wrong in his findings on the facts, and we will not therefore disturb the same.

Appellants contend that the chancellor erred in overruling their motion for a jury. The chancellor in his

written opinion states that upon the hearing of the motion he "was constrained and convinced by the pleadings, argument of counsel, etc., that this was not a case in which, under the law, a jury should be allowed." And he adds that, after fully hearing the case, he was fully convinced that his action in overruling the motion was correct. The claim by appellants that they were entitled to have the case tried by a jury is based on section 558, Code of 1906, which provides that "the chancery court, in a controversy pending before it, and necessary and proper to be tried by a jury, shall cause the issue to be thus tried to be made up in writing." We think this question is quite well settled in this state by the decision in the case of *First State Bank* v. *Lincoln,* 97 Miss. 720, 53 South. 387. Therein it was held that a trial by jury is not a matter of right under the provisions of section 558, but is only allowed in the discretion of the court. MAYES, C. J., in delivering the opinion of the court, after referring to the case of *Pittman* v. *Lamb,* 53 Miss. 594, and *Carradine* v. *Carradine,* 58 Miss. 286, 38 Am. Rep. 324, and stating that the court expressly held in these cases that the granting or refusing of a jury by the chancellor was discretionary, and that the decisions in the cases named, though under Rev. Code 1871, sec. 1032, is applicable to jury trials provided in section 558, says: "The statute merely gives authority to the chancery court to summon a jury in a case deemed by it to be necessary and proper to be tried by a jury, but leaving the court to determine in what case it shall deem a jury trial 'necessary and proper.' It is not a matter of right to be demanded by a litigant." We will not disturb the chancellor's decision in this case because he refused appellants a jury.

Appellants assign as an error the refusal by the chancellor to sustain their motion to dismiss their answer and cross-bill, except as to the life tenant, Mrs. Addie R. Bland. They claim that the children, who were remain-

dermen, should not have been made parties to the proceeding. It will be observed that in both the answer and cross-bill of appellants the title of appellee was denied and controverted. Under section 3525, Code of 1906, when in a proceeding for partition of land the title of complainants is controverted, the chancery court is given authority and power to try and determine all questions of title, remove clouds from the same, etc.

The chancellor treated this case, thus brought before him by the pleadings, as not only a suit for partition, but also a suit to settle the question of title to the land. The remaindermen were not necessary parties in the case, in so far as it was a proceeding for partition. *Lawson* v. *Bonner,* 88 Miss. 235, 40 South. 488, 117 Am. St. Rep. 738. But, after the controverted title was presented by the pleadings, they were interested in the settlement of the question, and certainly it was proper to have them as parties to the case and before the court, because of their interest in the adjudication of all questions of title to the land. The chancellor, in his opinion justifying his action in overruling the motion to dismiss, says: "The title of the complainant to the land in controversy has been controverted; the evidence in this case, at great expense to the parties litigant has all been taken and submitted; the legal rights of the parties to this cause as to the title to the land in controversy must necessarily be adjudicated at some time and settled; they are all now in court. Would equity permit, and should the chancellor under the facts yield to, the technicalities of the pleadings, and thereby leave the whole question of the legal rights of the parties to this case as to the title of the land in controversy in abeyance, unsettled, 'up in the air?' I think not, and therefore overrule both of said motions."

The decree, after stating the decision of the court settling the question of the ownership of the land then declares that the appellee, the owner of an undivided one-

half interest in the land in fee, is entitled to a partition in kind of the land with the life tenant, Mrs. Addie R. Bland, and named three commissioners, who were therein authorized and directed, according to the statute, to make a partition of the land between the two parties. The report of the commissioners shows that such division in kind was made between the appellee and Mrs. Addie R. Bland. It will be seen, therefore, that the remaindermen were not treated as parties in the partition proceeding, but that the court only treated them as parties to the controversy in the case touching the title to the land. We do not believe the chancellor erred in overruling the motion.

*The case is affirmed.*