LYNCH *et al. v.* LYNCH.

(In Banc.  Feb. 28, 1944.)

[17 So. (2d) 195.  No. 35562.]

H. V. Watkins & Ralph B. Avery and Howie, Howie &
McGowan, all of Jackson, for appellants.

Watkins & Eager, of Jackson, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellee, Mrs. Mary Frances Lynch, filed the bill in this case against her children and grandchildren to partite in kind various interests in certain lands owned by her husband at the time of his death. The bill was answered and demurred to on the ground that under the law the lands could not be partited in kind for reasons therein set forth. The court overruled the demurrer and granted an appeal to settle the principles of the cause.

Frederick Dexter Lynch, the husband and father, died in 1942, leaving a last will and testament. He left three sons and two grandchildren. In his will he made bequests in money to all of his heirs except his wife, the appellee, and the minor son, Barry Dexter Lynch. As to them the will contains these provisions: "All the rest and residue of my property of every kind, character and description, wherever the same may be situated, that I may own or which I may be interested in at the time of my death, I devise and bequeath to my wife Mary Frances Lynch and my son, Barry Dexter Lynch, share and share alike." Then the will provides "if my said child die before he arrives at the age of twenty-one years,

then in that event, his share of my estate shall go, share and share alike, to the heirs of my body then living.'' Barry Dexter Lynch is a minor and is still living.

It is argued on behalf of appellants that the decree of the court violates the ''reversion [and] remainder'' provision of Section 961, Vol. 1, Code 1942, which is in this language: ''Partition of land held by joint-tenants, tenants in common, or coparceners, having an estate in possession or a right of possession and not in reversion or remainder, whether the joint interest be in the free-hold or in a term of years not less than five, may be made by decree of the chancery court of that county in which the lands, or some part thereof, are situated; or if the lands be held by devise or descent, the division may be ordered by the chancery court of the county in which the will was probated or letters of administration granted, although none of the lands be in that county.''

There is no merit in that contention. Mrs. Lynch and her son are tenants in common in possession during the period of his minority, and if he should live beyond twenty-one years they would be tenants in common of the fee in possession, and if he should die before that time the heirs of the body of the testator then living would be tenants in common with Mrs. Lynch, owning jointly a one-half undivided interest in fee, and she the other one-half undivided interest in fee, with the right of joint possession. No right of reversion or remander is involved. The interest of those who would take the share of the minor in case of his death before maturity are not involved. Their rights, if they should ever have any, can not be adjudicated in this proceeding. In Lawson v. Bonner, 88 Miss. 235, 40 So. 488, 490, 117 Am. St. Rep. 738, the court used this language: ''Our statutes (Code 1892, Sec. 3097, et seq.) make it plainly improper to partition any rights in reversion or remainder, or to make reversioners or remaindermen parties to any partition proceeding. The writ and all the proceedings are possessory purely. It was, therefore, manifest error for the

court to attempt to deal in any way with the rights of the children of Charles and Richard Lawson.''

It is not essential to the right of partition that the co-tenants should have equal estate in the land. All that is necessary is that they shall be co-tenants in possession of whatever is to be partitioned. Black v. Washington, 65 Miss. 60, 3 So. 140.

Affirmed and remanded.