LYNCH *et al. v.* LYNCH.

(In Banc. Sept. 24, 1945.)

[23 So. (2d) 263. No. 35905.]

**Watkins & Avery** and **Howie, Howie & McGowan,** all of Jackson, for appellants.

**Watkins & Eager,** of Jackson, for appellee.

Argued orally by **Ralph B. Avery**, for appellant, and by **W. H. Watkins**, for appellee.

**Alexander, J.,** delivered the opinion of the court.

This cause was formerly before us on interlocutory appeal. 196 Miss. 276, 17 So. (2d) 195. For convenience we reproduce only the applicable provision of the will under which the parties have taken.

The will provides: ''All the rest and residue of my property of every kind, character and description, wherever the same may be situated, that I may own or which I may be interested in at the time of my death, I devise and bequeath to my wife Mary Frances Lynch and my son, Barry Dexter Lynch, share and share alike.'' Then the will provides ''if my said child die before he arrives at the age of twenty-one years, then in that event, his share of my estate shall go, share and share alike, to the heirs of my body then living.''

On the former appeal we held that a demurrer, which attacked the widow's right to partition in kind, was properly overruled. The right of partition was upheld. Upon remand, all parties being before the court, commissioners were appointed and a partition made and approved by the court. The defendants have appealed.

The gist of appellants' contentions is that our former opinion is not warrant for partition as between the widow owning an undivided one-half in fee simple, and the son who owns an undivided one-half qualified or determinable fee. Counsel has misconceived the import of our decision. The widow was entitled to have her interest in the property set aside to her. Having been devised an unqualified fee therein her allotted share remains invested with that quality.

All we said or intended to say in regard to the remaining half interest was that we could not and did not adjudicate the rights of the several parties who may ultimately become vested with an unqualified fee—whether it be the devisee himself or those who would succeed him. The latter estate, therefore, is set aside under the partition in the same legal aspect and with the same incidents as at-

tached under the will to the undivided interest of appellant Barry Dexter Lynch.

Affirmed.

## PARTIALLY CONCURRING OPINION.

**Smith, C. J.,** delivered a partially concurring opinion.

Barry Dexter Lynch, a minor, and his mother, each own an interest in this land with the right of possession; consequently it is subject to partition between them. Whether this partition is binding on those to whom the interest of Barry Dexter will go in the event he should die before becoming twenty-one years of age, can be determined when, but not unless and until, that event happens and they thereby become entitled to the possession of the land and institute another action for another partition thereof. Black v. Washington, 65 Miss. 60, 3 So. 140; Lawson v. Bonner, 88 Miss. 235, 40 So. 488, 117 Am. St. Rep. 738; Bland v. Bland, 105 Miss. 478, 62 So. 641; Lynch v. Lynch, 196 Miss. 276, 17 So. (2d) 195.

The decree here rendered is not res judicata of that question, regardless of what it may recite, and the opinion just rendered does not, and could not effectively, so hold. Authorities supra. Of course, the appellee's title to her interest in the land is determined not by a partition thereof, but by the will under which she holds, and is, as the will provides, in fee simple.

## ON MOTION.

**Alexander, J.,** delivered the opinion of the court on motion.

Appellee has filed a motion which asks the Court to add additional language to the opinion heretofore rendered. Appellant joins in the motion. The motion seeks to clarify the opinion so as to remove uncertainties present in the mind of counsel. The suggestion would more

readily commend itself to us if ambiguity was apparent also to the Court.

The judgment here rendered affirmed a decree which awarded in partition to appellee a designated tract "absolutely in fee simple." There should be no doubt that we intended to hold that the widow's share had all the incidents of a fee simple title, including the right to convey same free of any claims by the appellant or those heirs who would succeed to his estate in the event of his death before becoming of age.

This should be sufficient reply to the motion to enlarge the language of the opinion, and ample justification for excluding the motion from that limited class of cases in which such suggestion should be entertained.

Overruled.

### DISSENTING OPINION.

**Smith, C. J.**, delivered a dissenting opinion.

My views are fully expressed in my former opinion herein. The addition to the main opinion rendered when this case was decided, now made at the request of the parties hereto, if effective, overrules sub silentio the cases cited in my former opinion and attempts to do the impossible thing of deciding now what the effect of the partition here had will be on persons who may come into the ownership of the land in event Barry Dexter Lynch should die before becoming 21 years of age. This, of course, the Court is without power to do. The Judges composing the Court if and when that event occurs may hold as my associates now think they will, but, on the contrary, they may not.

One of the cases which my associates ignore is Lynch v. Lynch, 196 Miss. 276, 17 So. (2d) 195, a former appeal herein from an interlocutory decree granted under the provisions of Section 1148, Mississippi Code 1942, to settle the principles of the case, the opinion in which is, or rather until today was, the law of this case.