HOFFMAN *v.* HOFFMAN.

Division A.   Jan. 7, 1952.

No. 38156 (56 So. (2d) 58)

R. D. Wiggington and A. S. Johnson, Jr., for appellant.

W. L. Guice, for appellee.

### Alexander, J.

Bill for divorce was filed by appellant upon the ground of habitual, cruel and inhuman treatment. There was a prayer for a division of the homestead property by sale

and partition. Appellee filed an answer and cross-bill, the latter praying for a divorce upon the ground of desertion and for an award of a one-half interest in said property, same to be in lieu of alimony and counsel fees.

The decree adjudicated "That the parties should be granted a divorce under all the facts and circumstances in the case." It was further decreed that the parties own each an undivided one-half interest in the homestead. Partition presently was not allowed but this issue was "continued for further hearing at a later date", as was also an accounting of the respective claims of the parties arising out of payments made thereon for taxes and the like. Alimony was decreed to the wife in the sum of $50 per month "including the full use of the said homestead property described in the bill until said property shall be hereafter partitioned by and between the parties; the total amount of such alimony to be paid being fixed at twenty-five hundred ($2500.00) dollars." A lien was fixed upon the property to secure the payment of the alimony. Counsel fees in the sum of $150 were decreed to the wife.

The husband appeals as being aggrieved at all findings of the chancellor except the award of a divorce. The wife cross-appeals, assigning as error the implied award of a divorce to the husband; denial of an unconditional right to live in the home; and an inadequate award of alimony.

We have carefully reviewed the testimony adduced to support the respective claims of the parties. The cross-bill of the wife is insufficient to support the charge of desertion, and counsel in effect frankly so concedes this. Therefore the general award of a divorce must be referred to the case made by the husband if it is to be allowed to stand. Hulett v. Hulett, 152 Miss. 476, 119 So. 581. The case made by the husband is meager at best. There is no showing of an habitual course of cruel and inhuman treatment such as would endanger life or limb or create a reasonable apprehension

of danger thereto thereby rendering the continuance of the marital relations unsafe for the unoffending spouse. Yet it may be sufficient if such conduct endangers health, or involves "such unnatural and infamous conduct as would make the marital relation revolting to the unoffending spouse and render it impossible for him * * * to discharge the duties thereof, thus defeating the whole purpose of that relation." Russell v. Russell, 157 Miss. 425, 128 So. 270, 272. ▮▮ It was within the competence of the learned chancellor to take into account the whole picture presented by testimony in support of the bill and cross-bill and to follow a judicial intuition, read between the lines of such testimony, and interpret it in the light of the conduct and demeanor of the witnesses upon the stand, and to decree in the light of "all the facts and circumstances in the case" that a continuance of the relation was legally and practically impossible. The cross-bill indicated more than a willingness on the part of the wife that a divorce be granted. The chancellor must have accepted the testimony of the husband that the treatment complained of was the direct cause of a mental distress which caused him to lose some thirty-five pounds in weight. He was no doubt not without fault, yet we find no basis for applying the doctrine of recrimination to defeat his action.

Turning to the collateral awards to the wife we find that the home cost $5,500 and that both parties contributed substantially to its acquisition. Monthly payments of $60 upon a purchase money deed of trust have been paid in part by each party. The wife has paid some bills for utilities and taxes and contributed to the cost of repairs. He is capable of earning from $300 to $350 a month and she is presently employed at $125 a month. Due to a former serious accident, she is performing her work under some physical distress and disability. Such physical disability is the result of an automobile accident for which she was awarded $7,500 as damages. This

amount, invested in bonds, has matured to the value of $10,000 upon which she receives interest at the rate of 2.9 per cent. A modest but substantial amount was upon bank deposit.

Under the circumstances we are unable to approve an allowance to her against the husband of counsel fees and we must disallow same. The award of alimony in the sum of $50 a month was not an abuse of discretion and this we cannot disturb, nor can we find that its guarantee by the fixing of a lien upon his interest in the home is inappropriate.

We are unable to find in the record a substantial basis for the award to each of a mathematical one-half interest in the homestead as tenants in common. Such a status need not of necessity require a finding of an equal interest. Lynch v. Lynch, 196 Miss. 276, 17 So. (2d) 195; Black v. Washington, 65 Miss. 60, 3 So. 140. The extent of the respective interests of the parties can and should be fixed when the matter of a partition is adjudicated. Hemphill v. Hemphill, 197 Miss. 783, 20 So. (2d) 79; 27 C. J. S., Divorce, Section 294(c).

The matters of alimony, the lien to secure it, and of partition, remain within the breast of the court subject to readjustment and further decree. If the existence of this second lien against the property be deemed a hindrance to its sale for partition it may safely be assumed that the court will take proper account thereof. Occupancy of the home by the wife pending such sale is a reasonable award.

By way of summary, divorce to the husband is affirmed as is also his obligation for alimony at $50 per month secured by lien upon the interest of the husband in the home or its proceeds, not to exceed the total allowance of $2,500. Award of counsel fees against the husband is reversed. The arbitrary award of an equal share in the property is reversed, the respective interests to be determined with accuracy upon remand and such further

hearing upon the issue of partition as may be sought by either party. Pending such hearing the wife shall be allowed the free use of the home.

Affirmed in part, reversed in part and remanded.