SANDIFER *v.* SANDIFER.

Nov. 17, 1952

No. 38530        8 Adv. S. 23        61 So. 2d 144

*Thigpen & Stewart,* for appellant.

*H. H. Parker,* for appellee.

ETHRIDGE, J.

Appellant, Ada Lee Sandifer, filed a bill for divorce against appellee, Sebe Sandifer, in the Chancery Court of Pearl River County, and alleged as the basis of it desertion. Appellee then filed an answer denying the allegations of appellant's bill, and a cross-bill seeking a divorce against appellant on the ground of habitual cruel and inhuman treatment. Miss. Code 1942, Sec. 2735(7). Appellant, by leave of court, dismissed her original bill of complaint. The court proceeded to trial on the cross-bill and answer to it, and after hearing the evidence, awarded appellee a divorce.

We have carefully reviewed the evidence, and without detailing it, have concluded that it is sufficient to support the finding of the chancery court. **(Hn 1)** Upon disputed questions of fact, the chancellor's findings will be accepted

when they are substantially supported by the evidence and reasonable inferences from it. The chancellor manifestly believed the testimony of appellee and his witnesses. We must accept that as true. That evidence reflects a long period of continuing abusive language directed by appellant against appellee, characterized by continuous nagging, slander, unsociability and several threats of physical violence, including one threat to shoot appellee with a pistol, and numerous threats to poison his food. This continuing conduct by appellant, the trial court could have found, created in appellee, a colored man over 70 years of age, a reasonable apprehension of physical danger and actual distress, because appellee said he was afraid of her, and had locks placed on the inside of the half of the house which he occupied and had stopped eating at home because of appellant's threats to poison him. The chancellor also could have concluded that such infamous conduct by appellant rendered the marital relation revolting to appellee and made it impossible for him to discharge its duties. These circumstances were culminated by appellant leaving appellee's home and moving elsewhere. Without particularizing further, the record reflects sufficient facts and reasonable deductions from them to warrant the trial court in finding that they came within the rule laid down in Russell v. Russell, 157 Miss. 425, 128 So. 270 (1930): "Cruel and inhuman treatment, unaccompanied by personal violence, within the meaning of the statute, is such conduct only as endangers life, limb, or health, or creates a reasonable apprehension of danger thereto, thereby rendering the continuance of the marital relations unsafe for the unoffending spouse, or such unnatural and infamous conduct as would make the marital relation revolting to the unoffending spouse and render it impossible for him or her, as the case may be, to discharge the duties thereof, thus defeating the whole purpose of that relation." Smith v. Smith, 40 So. 2d 156 (Miss.

1949) ; Hoffman v. Hoffman, 56 So. 2d 58, 60 (Miss. 1952) ; Cummings v. Cummings, 58 So. 2d 39 (Miss. 1952) ; McBroom v. McBroom, 58 So. 2d 831 (Miss. 1952) ; Price v. Price, 181 Miss. 539, 547, 179 So. 855 (1938) ; Amis, Divorce and Separation in Mississippi (1935), Secs. 107, 111, 115, 116. **(Hn 2)** All of the acts of cruelty should be considered together and as a whole in determining the character of appellant's conduct. Amis ibid, Sec. 112. And in that light the decree was warranted under the Russell doctrine.

Appellant complains of several rulings by the trial court concerning certain testimony, but we find no reversible errors in those particulars.

Affirmed.

*McGehee, C. J.,* and *Alexander, Lee,* and *Kyle, JJ.,* concur.