CRISWELL *v.* CRISWELL

No. 43809 February 7, 1966 182 So. 2d 587

*Robertshaw & Merideth,* Greenville, for appellant.

748

*Willard L. McIlwain,* Greenville, for appellee.

SMITH, J.

The appellant, Mildred T. Criswell, has appealed from a decree of the Chancery Court of Washington County granting a divorce to her husband, the appellee, John H. Criswell, and dismissing her cross-bill for separate maintenance.

The parties were married October 14, 1932. Appellant was seventeen years of age at the time of the marriage and forty-nine years of age at the time of the trial. The appellee was 72 years of age at the time of the trial. The two children born of the marriage are adults and married.

The bill filed by appellee on January 21, 1965, sought a divorce from appellant upon the grounds of habitual cruel and inhuman treatment; and, wilful, continued and obstinate desertion for the space of one year. It has been said that it is inconsistent to plead together these two grounds for divorce. Amis, Divorce & Separation in Mississippi, § 251 at 348 (1935).

In the oral argument, it was stated by counsel for appellant that the divorce was granted upon the ground

of habitual cruel and inhuman treatment. However, the opinion of the chancellor is not in the record and since the decree is silent as to the ground upon which the divorce was granted, we have reviewed the evidence as to its sufficiency to sustain the decree of divorce upon either ground.

The bill of the appellee alleges that the parties "separated" on January 15, 1964, slightly more than a year before the bill was filed on January 21, 1965. It is not charged that the separation was the fault of appellant. The bill alleges "she (appellant) has refused to live with complainant, and it has been more than one year since they lived together as man and wife."

The proof does not establish that appellant deserted appellee at the time of the separation as alleged in the bill, nor that she was guilty of misconduct of that character which would have warranted his leaving her. The fact of desertion by the appellant, if established at all, must rest upon appellee's claim that he sought a reconciliation with appellant in the fall of 1964 and again in January 1965, which appellant declined without sufficient justification. The testimony of appellee himself shows that these offers were conditional and, on at least one of the occasions, he told his wife, "If I move back in, there are going to be some changes made." and, "That there would have to be some changes made." He also testified that he told her that if she "didn't withdraw that charge and *give me a divorce,* I was moving in the next day, not later than Saturday morning." (Emphasis added.)

These efforts at reconciliation are so hedged about and conditional that it is doubtful that either was effective to change the character of the existing estrangement from that of a mere separation into one of desertion within the meaning of Mississippi Code Annotated section 2735 (1956).

■■■ But if it could be said that appellee did make an unconditional effort in good faith to bring about a reconciliation and resumption of the marital relation, and that appellant's refusal so changed the character of the separation that it became wilful and obstinate desertion on her part, so as to set in motion the running of the one-year period required by the statute, nevertheless, this period could be computed only from the date of the offer of reconciliation, the earliest of which occurred in the fall of 1964, less than four months before the date on which the bill was filed. Bunkley and Morse, Divorce & Separation in Mississippi, § 3.11(14) at 104 (1957).

The evidence failed to establish that appellant was guilty of that character of conduct which constitutes wilful and obstinate desertion within the meaning of the statute, continued for more than one year preceding the date of the commencement of the suit.

It was stated by counsel in the course of the oral argument that the divorce was granted by the chancellor upon the ground of habitual cruel and inhuman treatment. Miss. Code Ann. § 2735 (1956).

As to this, the entire charge as contained in appellee's bill is as follows:

. . . During the time that complainant and defendant lived together as husband and wife, the defendant was guilty of habitual cruel and inhuman treatment of complainant and habitual gambling. The defendant told complainant repeatedly that she really did not care for him, and she began to stay away from home, and she would frequent night clubs and gambling parties. At times she would stay away from home until late hours of night and sometimes all night long.

■■■ Under the decisions of this Court, these allegations are insufficient to form the basis of a charge of habitual cruel and inhuman treatment. Bunkley and Morse, Divorce & Separation in Mississippi, § 314 (18) at 132 (1957).

No objection was made to the insufficiency of the allegations of the bill and we have examined the record of testimony submitted as supporting the charge that appellant was guilty of a course of habitual cruel and inhuman treatment which entitled appellee to a divorce upon that ground.

There is no evidence and no suggestion that appellant ever offered or threatened physical violence to appellee.

In the absence of proof of actual physical violence, or a reasonable apprehension thereof, this Court has set out what it is essential to establish before a divorce can be granted upon the ground of habitual cruel and inhuman treatment. Taylor v. Taylor, 235 Miss. 239, 108 So. 2d 872 (1959); Hibner v. Hibner, 217 Miss. 611, 64 So. 2d 756 (1953); Sandifer v. Sandifer, 215 Miss. 414, 61 So. 2d 144 (1952); McBroom v. McBroom, 214 Miss. 360, 58 So. 2d 831 (1952); Cummings v. Cummings, 213 Miss. 863, 58 So. 2d 39 (1952); Hoffman v. Hoffman, 213 Miss. 9, 56 So. 58 (1952); Smith v. Smith, 40 So. 2d 156 (Miss. 1949); Price v. Price, 181 Miss. 539, 179 So. 855 (1938); and, Russell v. Russell, 157 Miss. 425, 128 So. 270 (1930).

Appellee cites two isolated statements from the record in support of his contention that it was proved that appellant habitually was guilty of conduct injurious to his health. The first of these was the statement of appellee, who testified, ''Why should I keep a-worrying myself to death at the age I got on me.''

This excerpt from the record of appellee's testimony is taken out of context — (Record at 56)

Q. Well, she always gambled with somebody else, didn't she?

A. Yeah, she might have got in the car with some man and loped off, I don't say she didn't. I didn't see her in the motel, now.

Q. It could have been somebody else's car that you saw, couldn't it?

A. No, no, it wasn't nobody else's car, no, sir.

Q. But despite that, you never said a word to her about it?

A. That's nothing unusual for her. Why should I keep a-worrying myself to death, the age I've got on me, trying to keep up with a woman like that.

Q. When did that happen, Mr. Criswell?

A. It happened year before last.

The second statement urged is taken from appellant's testimony and is that appellant's conduct "disturbed" appellee. This also is taken out of context — (Record at 76)

Q. Would you tell him where you had been?

A. Yes.

Q. What would he do then?

A. Well, sometimes he would raise - - -.

Q. Be disturbed about it?

A. Be disturbed, yes — that's the best word.

This evidence was wholly insufficient to meet the burden resting upon appellee of establishing that appellant's conduct impaired or threatened his health, or was so cruel or inhuman, and so habitually practiced upon him, as to meet the requirements of the rule announced in the cited cases.

The only other conduct on the part of appellant, urged as tending to establish this ground for divorce, is that she habitually engaged in gambling, both at home and elsewhere. Appellant did not deny, and the record shows without dispute, that she did gamble, but that she originally acquired her gambling habits in games of chance in which appellee participated. Appellee admits that these games often took place in their home and that he himself would "cut the game" — that is, take a percentage of the sums wagered, and that this had gone on for many years without objection on his part. The record shows that throughout most of the period of the marriage appellant worked and earned substantial

wages. Whatever her habits may have been with respect to gambling, and she admits that she was a compulsive gambler, they were, to say the least, condoned by appellee for many years. The bill was amended at the trial to include a charge of "habitual gambling." Divorce in Mississippi is a statutory proceeding and the legislature has not seen fit to make gambling a ground for divorce.

 ██ The burden rested upon appellee to prove by clear and convincing evidence that the conduct of the appellant was not only cruel but that it endangered, or adversely affected, his health or safety and, further, that it was the proximate cause of the separation. Scott v. Scott, 219 Miss. 214, 69 So. 2d 489 (1954); Bunkley and Morse, Divorce & Separation in Mississippi, § 3.14(17) (1957).

He failed to meet this burden.

 ██ The quarrels and disagreements between the parties in this case were not of such gravity nor so exclusively the fault of appellant as to warrant a finding that she was guilty of habitual cruel and inhuman treatment within the meaning of the seventh subdivision of section 2735.

In Russell v. Russell, supra, the Court said:

Accepting the evidence of the appellee as true, it discloses that the appellant was not without fault, and that he indicated to the appellee he would approve her leaving him, resulting in rendering her unhappy and her marital bonds irksome, but for that alone the law of this state does not sanction a divorce. Cruel and inhuman treatment, unaccompanied by personal violence, within the meaning of the statute, is such conduct only as endangers life, limb, or health, or creates a reasonable apprehension of danger thereto, thereby rendering the continuance of the marital relations unsafe for the unoffending spouse, or such unnatural and infamous conduct as would make the mari-

tal relation revolting to the unoffending spouse and render it impossible for him or her, as the case may be, to discharge the duties thereof, thus defeating the whole purpose of that relation. 157 Miss. at 430-31, 128 So. at 272.

We think the evidence was not sufficient to warrant the granting of a divorce to appellee, and to that extent the decree should be reversed.

▐▌ Appellant filed a cross-bill demanding separate support from appellee. The evidence was insufficient to establish appellant's right to the relief sought and the chancellor was correct in dismissing the cross-bill. Bunkley and Morse, Divorce & Separation in Mississippi, § 7.01 at 202 (1957).

The decree of the court below will be affirmed as to the dismissal of the cross-bill, and reversed and a final decree entered here for appellant dismissing appellee's bill for divorce.

Affirmed in part, reversed in part, and a final decree entered here dismissing appellee's bill for divorce.

*Gillespie, P. J., and Rodgers, Brady and Inzer, JJ.,* concur.