PATTERSON, Justice.
This appeal arises from the Chancery-Court of Oktibbeha County wherein the appellant sought a decree of separate maintenance from her husband, and the husband countered by a cross bill seeking a divorce from his wife on the ground of desertion. The cause was consolidated with a replevin suit between the parties as to their respective possessory rights to numerous items of household furniture and various miscellaneous items of personal property. After a lengthy hearing, the trial court entered its decree dismissing the bill of the wife for separate maintenance, awarding a divorce to the husband upon the ground of desertion, awarding the wife alimony in the sum of $300 per month, and awarding the sum of $1,200 to the wife as attorneys’ fees.
On this appeal the wife’s primary assignments of error are: the lower court erred in failing to grant a decree of separate maintenance to the appellant; the court erred in granting an absolute divorce to the appellee; the lower court erred in fixing an insufficient amount of alimony; and the court erred in fixing an insufficient amount for attorneys’ fees considering the time and work required.
The husband, cross-appellant, assigns as error the following: that the award by the trial court of alimony to the wife in any amount was improper; that if the award of alimony was proper under the circumstances, then the amount awarded was excessive, unreasonable, and unjust; and that the award of attorneys’ fees was excessive.
We have carefully considered the record in its entirety, the supporting briefs, arguments of counsel, and the learned chancellor’s finding of fact and opinion, and in the light of all the facts and circumstances in this most difficult case we cannot say that he was manifestly wrong in either his finding or the application of the law thereto. Hoffman v. Hoffman, 213 Miss. 9, 56 So.2d 58 (1952). The case made by the husband for a divorce is meager at best, particulary as to the husband’s willingness to receive the wife back into the home, and certainly his actions and demeanor contributed to this domestic disaster. However, the evidence indicates that these parties cannot resume a normal marital relationship in view of their vicious and sordid testimony, each against the other, as well as the necessary presence in the husband’s home of his afflicted son by a former marriage, whom the appellant feared, with or without justification.
The appellant contends as a matter of law that her pending suit for separate maintenance tolled the running of the statutory period for desertion and that, therefore, the statutory time of one year had not elapsed. We are of the opinion, however, that the wife was guilty of desertion in the beginning, thus causing the separation, and that she had no intention of returning, and that the filing of a bill of complaint by her for separate maintenance under the circumstances would not toll.the statute. See Bunkley & Morse’s Amis, Divorce and Separation in Mississippi, § 3.11(10) at 99 (1957), wherein it is stated:
Instituting Another Suit for Divorce After Desertion Period has Commenced. It has been held that the pendency of a suit for divorce does not, in all cases or under all circumstances, prevent the running of the statutory period where the desertion antedates the filing of the suit for divorce on some other ground. For example, if the deserting spouse should, after desertion, bring an unsuccessful suit for divorce for adultery, or any other cause, against the one deserted, the pend-ency of such suit would not stop the running of the statute against the deserter. Such a suit would only evidence that the deserter did not intend to return or be reconciled under any circumstances. But there would not, in such a suit, be anything in the conduct of the party who was deserted to show that the separation was consented to by him or her, or that he or she would refuse reconciliation if offered.
*433 See also Lynch v. Lynch, 217 Miss. 69, 63 So.2d 657 (1953), and Annot., 80 A.L.R. 2d, § 6 at 870 (1961), and the cases cited thereunder.
We affirm the holding and decree of the lower court in all respects and here award the sum of $600, one-half of the amount awarded by the lower court, to the wife for attorneys’ fees on this appeal.
Affirmed on direct and cross appeals.
ETHRIDGE, C. J., and RODGERS, BRADY and INZER, TL, concur.