SMITH, Justice.
This is an appeal by Daniel Malone Robertshaw from a decree of the Chancery Court of Washington County granting a divorce to his wife, Florence Rose Robert-shaw, and awarding child support.
The divorce was granted upon the ground of habitual cruel and inhuman treatment. It is argued by appellant that the evidence wholly failed to establish that ground for divorce, and that the case is controlled by Criswell v. Criswell, 254 Miss. 746, 182 So.2d 587 (1966), and must be reversed.
Admittedly, appellee was not subjected to any physical violence by appellant. The evidence of cruelty relates to a long continued course of conduct on the part of appellant, involving numerous and repeated derelictions of various kinds, the cumulative effect of which was to produce in appellee an emotional breakdown, with attendant adverse physical effects extending beyond mere malaise, and which reasonably might be expected to worsen.
It is unnecessary to narrate the tragic facts relating to the dissolution of this marriage, except to say that the record presents a close question upon the sufficiency of the proof to establish habitual cruel and inhuman treatment as defined in Criswell v. Criswell, supra. However, we have concluded that, upon the whole record, we cannot say that the chancellor was mani *481 festly wrong in granting appellee a divorce upon that ground. The end effect upon ap-pellee of the long continued course of conduct upon the part of appellant was that she suffered a definite impairment of health, which it was reasonable to believe would become more serious if she should continue to be subjected to it
This question is the subject of discussion in Bunkley and Morse’s Amis, Divorce and Separation in Mississippi, section 3.14(8) at 122 (1957), where it is said:
“It is obvious that habitual cruel and inhuman treatment may consist of repeated acts of the same nature such as personal violence, or it may consist of a series of acts, some of the same nature and some of different natures, but which, when taken together, tend to cause pain and suffering on the part of the innocent spouse. There are many kinds of acts such as wilful failure to support, verbal abuse, neglect, and the like which, if taken alone will not constitute cruelty, but when taken together will manifest a course of conduct as a whole which may amount to cruelty. Indeed, except in the case of personal violence of a serious nature, it would often be difficult or impossible to show that the conduct of the defendant was such as to actually endanger life, limb or health or to create any reasonable apprehension thereof. And yet the most refined cruelty, the poisoned shafts of scorn, ridicule, sarcasm, contempt, insult, verbal abuse, slander, neglect, and the like, are more often painful to cultured and sensitive persons than mere blows would be. And it is well recognized that acute mental suffering may destroy the health and even endanger the life of the victim. So in determining whether or not the habitual or unusual conduct of the defendant has been such as to amount to cruelty within the statute, his or her entire course of conduct during the period complained of should he considered, as well as that of the complainant, in order to show what provocation, if any, there was to cause the conduct of which the latter complains. In all cases, the court should bear in mind the intelligence, apparent refinement, social station and delicacy of sentiment of the parties, because it is well understood that conduct which would be extremely humiliating and offensive to a husband or wife of high social and cultural standards, would be of no moment to those of a less refined nature. Among persons of coarse habits and rude manners, vile epithets may occasion no pain or humiliation.”
It appears that questions relating to the custody of the five young children born of this marriage, and of the support awards made in their favor, have now been disposed of by agreement except as to an accrued item of $350 of past due support money and $150 originally awarded as attorneys’ fees. As to these items, the chancellor in appropriate proceedings, adjudged appellant to be in contempt and awarded against him a money judgment, as at law in the sum of $500. We are unable to say that the chancellor was in error in so doing or that he abused his discretion. The record indicates that appellant may experience difficulty in discharging this judgment while maintaining the payments awarded as child support. However, these are 'matters peculiarly within the sound discretion of the chancellor.
Affirmed.
GILLESPIE, P. J.,. and RODGERS, PATTERSON and ROBERTSON, JJ., concur.