PATTERSON, Justice.
This is an appeal by Alton Saveli from a decree of the Chancery Court of Newton County which granted a divorce to Mrs. Blanche Saveli. The decree also awarded Mrs. Saveli the custody of and support for the minor daughter of the parties, granted her exclusive use and possession of the home and eighty acres of land and $200 as attorney’s fee. The appellant contends on appeal that the lower court erred in granting the divorce and the subsequent awards of custody, support, use of the home property, and attorney’s fee.
The daughter of the parties being now married and self-supporting, the provisions of the decree relating to her custody and support and the appeal thereon are now moot and will not be considered on this appeal.
We have examined the record of the evidence in detail. It reflects a pattern of intoxication on the part of the appellant and abuse of the appellee consisting of threatening language, financial neglect of the family, and, in the past, physical abuse. This ill treatment of the wife was alleviated somewhat when the defendant ceased to drink in 1966. However, from the evidence it is apparent that the defendant did not contribute to the support of the family and continued in the use of vituperative language toward his wife, including threats of bodily harm to her. This course of conduct, enhanced by the appellant’s return to the use of intoxicants, is sufficient to support the chancellor’s finding of habitual cruel and inhuman treatment by the defendant toward his wife. The emotional stress and worry resulting from the defendant’s behavior is sufficient, in our opinion, to meet the requirement of reasonable apprehension of physical abuse.
It is obvious that habitual cruel and inhuman treatment may consist of repeated acts of the same nature such as personal violence, or it may consist of a series of acts, some of the same nature and some of different natures, but which, when taken together, tend to cause pain and suffering on the part of the innocent spouse. There are many kinds of acts such as wilful failure to support, verbal abuse, neglect, and the like which, if taken alone will not constitute cruelty, but when taken together will manifest a course of conduct as a *630 whole which may amount to cruelty. * * * (Bunkley and Morse’s, Amis Divorce and Separation in Mississippi, § 3.14 [8], p. 122 [1957]).
See also Sandifer v. Sandifer, 215 Miss. 414, 61 So.2d 144 (1952); Smith v. Smith, 40 So.2d 156 (Miss.1949); and Manning v. Manning, 160 Miss. 318, 133 So. 673 (1931).
The next assignment of error relates to the exclusive use of the home and farm by the wife. The parties have been married since 1945. The appellee is a middle-aged woman with no particular specialty for earning a living though she is presently employed, and moreover, she was not awarded any means of support other than the use and occupancy of the land. Under these circumstances we cannot state that the chancellor was manifestly wrong in this award. Consequently, he will be affirmed therein.
The last item complained of by the appellant is that the court erroneously directed the defendant to pay the fee for the complainant’s attorney. We find no error in this regard. In Nix v. Nix, 253 Miss. 565, 571, 176 So.2d 297, 300 (1965), a case relating the criteria of an award of attorney’s fee for the wife in defending the cross bill of her husband, we used language appropriate to the present suit:
* * * A full consideration of this entire record gives reasonable grounds for the allowance to her of a fee for an attorney without awaiting the final result of such a hotly contested issue. The evidence showed that the appellant was working herself and spending all that she brought home in pay for the benefit of the family. Besides, the appellee was shown to have been financially able to pay a reasonable fee. Under the circumstances, the court should have allowed her an attorney’s fee as a result of services performed in the trial.
The appellant is an able-bodied man, gainfully employed, and we discern no unusual hardship that would be imposed upon him by the payment of this fee and permitting the wife the use of the home and property.
Affirmed.
ETHRIDGE, C. J., and INZER, SMITH, and ROBERTSON, JJ., concur.