285 So.2d 752 (1973)
Betty Cotharp HARRISON
v.
Charles H. HARRISON, Jr.
No. 47301.
Supreme Court of Mississippi.
December 3, 1973.
*753 Abe A. Rotwein, Jackson, for appellant.
Mansour & Kilpatrick, Greenville, for appellee.
BROOM, Justice:
The appellee (complainant and cross-defendant), Dr. Charles H. Harrison, Jr., sued the appellant (defendant and cross-complainant), his wife, Betty Cotharp Harrison, for divorce in the Chancery Court of Washington County, Mississippi. He was awarded a divorce on the ground of habitual cruel and inhuman treatment and Mrs. Harrison appeals here. We reverse in part and affirm in part.
In his bill Dr. Harrison charged Mrs. Harrison with habitual cruel and inhuman treatment consisting of false accusations that he was guilty of adultery. He averred that the false accusations were made repeatedly and habitually over a long period of time. Also, his bill charged her with nagging and quarreling at him. Dr. Harrison averred that the false accusations by Mrs. Harrison were made directly to him and that she also related the accusations to other people. The bill contained an averment that such conduct by his wife caused him great embarrassment, nervousness and impairment of his health. All of this is denied by Mrs. Harrison, the appellant, except she admits that she did accuse him of adultery. However, she says that she did so without malice in an effort to get him to cease his adulterous activities. It is interesting to note that Dr. Harrison did not separate from his wife, but he charged that Mrs. Harrison left him in October 1971.
The first proposition before us is the argument that the lower court erred in granting unto Dr. Harrison a divorce absolute. We agree with this argument and must reverse the divorce decree because the record contains no proof that the proximate cause of the separation was any cruel and inhuman treatment on the part of Mrs. Harrison. To the contrary, it is the uncontradicted evidence that it was Mrs. Harrison who absented herself from Dr. Harrison and the place where the parties lived. The following testimony was developed during the cross-examination of Dr. Harrison, to-wit:
Q. If you felt you were getting sick, why didn't you leave? To protect your health?
A. You mean walk out on her?
Q. Walk out on her, let's use that expression.
A. Well, I was married to her.
Q. You were married to her. And you were going to be the faithful husband, weren't you?
A. That's right.
Q. You weren't going to walk out on her, were you?
A. Right.

*754 Q. You weren't going to leave her, were you?
A. That's right.
Q. And you don't want to leave her and walk out on her now, do you?
A. She would still be there if she had not walked out.
Q. She walked out on you?
A. Yes, sir.
The foregoing testimony makes it clear that the proximate cause of the separation of the parties was not the conduct on the part of Mrs. Harrison that was labeled by Dr. Harrison as being cruel and inhuman. Before a divorce can be granted upon the ground of habitual cruel and inhuman treatment, the complaining party has the burden to prove by clear and convincing evidence that the offending party was guilty of such conduct. The complaining spouse must also prove that such conduct endangered or adversely affected his health and was the proximate cause of the separation. Burnett v. Burnett, 271 So.2d 90 (Miss. 1972); Criswell v. Criswell, 254 Miss. 746, 182 So.2d 587 (1966); Hinton v. Hinton, 254 Miss. 50, 179 So.2d 846 (1965); Scott v. Scott, 219 Miss. 614, 69 So.2d 489 (1954); Bunkley & Morse, Divorce and Separation in Mississippi, section 3.14(17), page 131 (1957). There may have been enough evidence before the chancellor, if accepted as true, to justify a finding that Mrs. Harrison falsely and repeatedly accused Dr. Harrison of misconduct, including adultery. More important, and controlling here, is the absence or total lack of evidence before the court that any possible cruel and inhuman treatment on the part of Mrs. Harrison was the proximate cause of the separation of the parties. To take the opposite view would be to incongruously say that cruel and inhuman treatment by the wife caused her to leave the husband and was thereby the proximate cause of the separation of the parties. Such a pronouncement is unsound and especially so where, as here, Dr. Harrison was not shown to be unable to leave his wife or their place of abode. The record makes it clear that Dr. Harrison did not see fit to leave nor does it show that he wanted to leave. To the contrary, he accepted and endured whatever she may have been guilty of and it was Mrs. Harrison who left him. In this posture of the record it cannot be argued that cruel and inhuman treatment by Mrs. Harrison was the proximate cause of the separation. Therefore, the trial court's decree granting the doctor a divorce is manifestly contrary to the evidence and applicable law, and cannot be allowed to stand.
It is next argued that the lower court erred in dismissing with prejudice the crossbill of Mrs. Harrison and in denying her a decree for divorce. There is no merit in this contention. On this issue there was contradictory testimony and the chancellor resolved the conflict against Mrs. Harrison. We cannot say he was manifestly in error because his finding in this regard was based upon substantial evidence which was believable. There was circumstantial evidence but no direct evidence adduced indicating that Dr. Harrison was guilty of the offense of adultery. The charge of adultery was denied by Dr. Harrison and we cannot say his testimony was not believable. Therefore, the trial court was, within his sound discretion, justified in accepting the explanation offered by the doctor and denying a divorce to Mrs. Harrison on her crossbill.
We are of the opinion that the trial court erred in its denial of any award to Mrs. Harrison for counsel fees in the lower court so as to enable her to prosecute her crossbill against her husband. The trial court allowed her $500 for her defense of his original bill, but there should have been also allowed her reasonable counsel fees in connection with prosecuting her crossbill against her husband. This record shows that Dr. Harrison, a doctor of medicine, was earning a net annual income of above $60,000, which was many times in excess of what his wife, a registered nurse, *755 was earning. The record shows that she was not able to work full time during the last year of their living together. The decree appealed from will be reversed and remanded as to her request for counsel fees pertaining to her crossbill and its prosecution against her husband. She will be awarded a reasonable amount to be set by the chancellor for payment of counsel fees for prosecuting her crossbill. The chancellor will also grant her counsel fees for services of her counsel in representing her before this Court which shall be a sum equal to one-half of the total of counsel fees allowed and to be allowed for services of her counsel in the lower court.
One other error was assigned which we should discuss in this opinion, and that is the action of the trial court in refusing to require that Dr. Harrison furnish to Mrs. Harrison's counsel at the trial a copy of his 1971 federal income tax return which had been the subject of appropriate process. The copy was in possession of Mr. Edgar Baker, the accountant who prepared the return and who was in court responding to process. No case has been cited to the contrary and we hold that, absent any statutory privilege, there is no privilege that would relieve a litigant in a divorce action from revealing to his or her spouse or counsel opposite copies of previously filed income tax returns where there is in dispute the financial condition of one or both of the parties. 1 Am.Jur.2d Accountants § 13 (1962); Annot., 38 A.L.R. 2d 670, 671 (1954).
The trial court denied alimony to Mrs. Harrison as it had a right to do upon conflicting testimony. In effect the chancellor exonerated Dr. Harrison of all charges of misconduct based upon the conflicts in testimony adduced. It is clear that Mrs. Harrison is a registered nurse with substantial earning capabilities. She is a professional person, highly trained, and possessed with nursing skills, who voluntarily left her husband who the court held to be not the offending spouse. Since we are going to affirm that part of the decree of the lower court denying alimony (for reasons not related to the data contained on the 1971 tax return), there was no reversible error pertaining to the refusal of Dr. Harrison to turn over a copy of his separately filed individual 1971 federal income tax return. However, we point out that upon the facts and circumstances of this record, there was no privilege that should have prevented compelling the introduction of the copy of the tax return or furnishing the same to counsel opposite.
We find no reversible error in any other assignments made in this cause. The decree granting the divorce to Dr. Harrison is reversed and his bill of complaint is accordingly dismissed with prejudice. The original decree entered by the trial court is also reversed as to the denial of counsel fees for the prosecution of the crossbill of Mrs. Harrison and remanded with directions that the trial court fix a reasonable fee to be paid to Mrs. Harrison for her counsel in prosecuting her crossbill in the lower court. In addition thereto, for services of her counsel in representing her before this Court, there shall be allowed her a sum equal to one-half of the total sum of counsel fees allowed and to be allowed her as fees for her counsel in representing her in the lower court.
We now reverse the decree of the chancery court as to the decree of divorce, and we dismiss with prejudice the original bill of complaint. Further, we affirm as to the denial of divorce, alimony or support money to the appellant, and we reverse and remand as to counsel fees for appellant not inconsistent with the opinion hereinabove.
Reversed in part, affirmed in part, and remanded.
RODGERS, P.J., and INZER, ROBERTSON and WALKER, JJ., concur.