297 So.2d 900 (1974)
Mary Summerford WIRES
v.
Harold O. WIRES.
No. 47588.
Supreme Court of Mississippi.
July 29, 1974.
*901 Williams & Williams, Joe H. Montgomery, Poplarville, for appellant.
Stewart & Burks, Picayune, for appellee.
RODGERS, Presiding Justice.
This is a divorce case. The husband Harold O. Wires filed suit for divorce against his wife, Mary Summerford Wires, in the Chancery Court of Pearl River County, Mississippi. He charged his wife with cruel and inhuman treatment. Mrs. Wires answered the original bill in which she denied the charges. She then filed a cross-bill praying for separate maintenance. The chancellor granted a divorce to the husband but allowed alimony to the wife.
The issue on appeal is whether or not the complainant/appellee alleged and proved cruel and inhuman treatment, and if so, whether or not the appellant is entitled to an adequate alimony.
The testimony shows that both parties to this lawsuit had been previously married, and each had children of their former marriages. There were no children born to complainant and defendant. They lived together for four years.
The appellee testified that (1) his wife was jealous and hated other women; (2) his secretaries received anonymous phone calls which were traced to his home; (3) his wife accused him of philandering with his secretary and of spending his days in the office having fun looking at silk stockings and short skirts; (4) her bickering caused his son to leave home; (5) his wife would not permit his daughter-in-law to visit in their home; and (6) his wife was jealous of a secretary of the bowling league, and in effect caused the league to be dissolved.
The appellee said that all of this caused him to have a "knot" in his stomach and to have mental agony.
The wife denied all of the above allegations, contending that she did all she could to make her husband happy and that one of the phones in the house was out of order so that the secretary could not hear her when she talked. She testified that they had normal relations up to the day the appellee left home. She offered witnesses to show that she was friendly with her neighbors and that the bowling club was dissolved because of disagreement between the members and not because of the appellant. She offered proof to show that she has high blood pressure and is unable to work regularly, and that she needs support from her husband.
The chancellor, after hearing the appellee's testimony, said that the testimony was weak and that if there were children involved, he would sustain the motion to dismiss. In his final opinion the chancellor again said that the testimony was weak, but that since he thought they could not live *902 together, he would grant the divorce and would allow alimony.
The defendant Mrs. Wires contended in the trial court, and now contends in this Court, that the testimony of the complainant/appellee is not sufficient to establish the charge of cruel and inhuman treatment.
The appellant argues that the burden of proof was upon the complainant to have proven by clear and convincing evidence that the defendant, his wife, was guilty of the charge of cruel and inhuman treatment toward the complainant. He cites Burnett v. Burnett, 271 So.2d 90 (Miss. 1972) and Criswell v. Criswell, 254 Miss. 746, 182 So.2d 587 (1966).
It is true these cases held that habitual cruel and inhuman treatment should be sustained by "clear and convincing evidence." This conclusion was based upon the thesis that mental cruelty without violence required clear and convincing evidence to substantiate the charge. We have reexamined the authorities as to the degree of evidence required, and we are now of the opinion that habitual cruel and inhuman treatment may be established by a preponderance of the creditable evidence.
We agree, however, that the charge of cruel and inhuman treatment against one spouse means something more than unkindness or rudeness or mere incompatibility or want of affection. It has been said that:
"The conduct of the offending spouse must be so unkind as to be cruel, that is, so unreasonably harsh and severe as to be inhumane, so lacking in human qualities, so unfeeling or brutal as to endanger, or put one in reasonable apprehension of danger to life, limb, or health. And finally, such conduct must be habitual, that is, done so often, or continued so long, that its recurrence may be reasonably expected whenever occasion or opportunity presents itself." Bunkley and Morse, Amis on Divorce and Separation in Mississippi § 3.14(3), at 114 (1957); cited in Burnett v. Burnett, 271 So.2d 90, at 92 (Miss. 1972).
On the other hand, habitual ill-founded accusations, threats and malicious sarcasm, insults and verbal abuse may cause such mental suffering as to destroy health and endanger the life of an innocent spouse. Bunkley and Morse, Amis on Divorce and Separation in Mississippi § 3.14(8), at 122 (1957).
The testimony in this case is close and lacks corroboration in many respects. Nevertheless, the chancellor was of the opinion that there was sufficient testimony in the record to establish the ground of habitual cruel and inhuman treatment.
In a recent difficult divorce case we had this to say:
"We have carefully considered the record in its entirety, the supporting briefs, arguments of counsel, and the learned chancellor's finding of fact and opinion, and in the light of all the facts and circumstances in this most difficult case we cannot say that he was manifestly wrong in either his finding or the application of the law thereto. Hoffman v. Hoffman, 213 Miss. 9, 56 So.2d 58 (1952). The case made by the husband for a divorce is meager at best, particularly as to the husband's willingness to receive the wife back into the home, and certainly his actions and demeanor contributed to this domestic disaster. However, the evidence indicates that these parties cannot resume a normal marital relationship..." Richey v. Richey, 185 So.2d 431, 432 (1966).
This Court then affirmed the divorce decree. See also Thames v. Thames, 233 Miss. 24, 100 So.2d 868 (1958) and Hoffman v. Hoffman, 213 Miss. 9, 56 So.2d 58 (1952).
In the instant case it is obvious that these two persons cannot resume their marital relationship, and we cannot now say that the chancellor was manifestly *903 wrong in his determination in granting a divorce on the evidence here adduced.
We are convinced, however, that the chancellor was in error in not providing adequate alimony under the close facts here shown, particularly where the wife is ill and willing to resume her marital duties. We, therefore, affirm the decree awarding a divorce to the appellee, Harold O. Wires, but reverse the decree as to alimony and remand the cause to the Chancery Court of Pearl River County so that the court may reconsider the evidence and award additional adequate alimony until the appellant can reasonably earn her livelihood.
The appellant will also be awarded three hundred and twenty-five dollars ($325.00) in addition to such alimony as attorneys' fees for her attorneys on appeal to this Court.
Affirmed as to the divorce; reversed and remanded for further consideration of adequate alimony.
PATTERSON, INZER, SUGG and WALKER, JJ., concur.