# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-01004-COA

**VETO F. ROLEY**                                                                 **APPELLANT**

**v.**

**CHINELO J. ROLEY**                                                               **APPELLEE**

DATE OF JUDGMENT:            08/12/2024
TRIAL JUDGE:                HON. MARK ANTHONY MAPLES
COURT FROM WHICH APPEALED:  JACKSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:     VETO F. ROLEY (PRO SE)
ATTORNEY FOR APPELLEE:      CHINELO J. ROLEY (PRO SE)
NATURE OF THE CASE:         CIVIL - DOMESTIC RELATIONS
DISPOSITION:                AFFIRMED - 10/28/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND McCARTY, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     In 2017, the Jackson County Chancery Court granted Chinelo Roley (Chinelo) a divorce from Veto Roley (Roley) on the ground of habitual cruel and inhuman treatment. This Court affirmed that judgment on direct appeal. *Roley v. Roley* (*Roley I*), 329 So. 3d 473, 481 (¶2) (Miss. Ct. App. 2021). Roley then filed a motion under Mississippi Rule of Civil Procedure 60 asking the chancery court to set aside the divorce. The chancellor denied the motion, and this Court again affirmed on appeal, finding that Roley impermissibly attempted to use Rule 60 to overturn a mandate issued by an appellate court. *Roley v. Roley* (*Roley II*), 394 So. 3d 985, 989 (¶¶15-16) (Miss. Ct. App. 2024). Now, Roley again appeals pro se from the chancellor's denial of a newly filed Rule 60 motion in which Roley again argues that the divorce decree should be set aside. We affirm the chancellor's denial of the motion.

**FACTS AND PROCEEDINGS**

*Roley I*

¶2.     At the 2017 divorce hearing, Chinelo and two corroborating witnesses testified in support of a finding of habitual cruel and inhuman treatment. *Roley I*, 329 So. 3d at 493 (¶55). The testimony indicated that Roley exhibited a repeated pattern of uncontrollable anger, including pushing Chinelo, pinning her to a wall, punching walls, shouting, screaming, and verbal abuse toward Chinelo in front of their two minor children. *Id.* at 481-82 (¶¶6-7). Roley would tell the minor children, "[M]ommy doesn't love you . . . your mommy is evil . . . your mommy doesn't love you." *Id.* at 483 (¶12). He demonstrated hoarding tendencies and refused to allow Chinelo to clean the downstairs of the house, including the kitchen. *Id.* at 483 (¶14). The stove could not be used to cook because of the amount of "stuff" piled on top of it. *Id.* at 484 (¶17). Chinelo and one of the corroborating witnesses also testified that Roley allowed his young son to access pornography on his phone. *Id.* at 485 (¶26). In granting the divorce, the chancellor stated in part, "[Roley] was emotionally abusive and unable to control his temper, that his personal hygiene was extremely repulsive,[1] and his area of the home was filthy, cluttered and repulsive." *Id.* at 488 (¶40).

¶3.     The chancery court held a subsequent hearing to determine the questions of custody, visitation, and equitable distribution. *Id.* at (¶43). The court granted sole physical and legal custody of the two children to Chinelo. *Id.* at 489 (¶44). The court denied Roley's post-trial motions.

---

[1] Roley would refuse to bathe or brush his teeth, and he refused to wash his hands after using the restroom.

2

¶4. In a fifty-one-page opinion, this Court unanimously affirmed the chancery court's judgment granting Chinelo a divorce, finding the issues raised pro se by Roley on appeal to be without merit. The issues analyzed included:

> (1) whether the chancellor erred when he granted Chinelo a fault-based divorce based upon habitual cruel and inhuman treatment; (2) whether the chancellor erred when he utilized the *Albright* factors in determining the custody of the couple's two minor children; (3) whether the chancellor erred when he denied [Roley's] post-trial Mississippi Rule of Civil Procedure 59 motion "without a de novo hearing" and without issuing findings of fact and conclusions of law pursuant to [Roley's] Rule 52 request; (4) whether the chancellor erred when he allowed Chinelo a tax deduction for the couple's minor son for the year 2018; (5) whether the chancery court displayed "judicial bias" during a June 5, 2018 motions hearing; (6) whether the chancellor denied [Roley] his "constitutional due process rights" when the chancellor enforced Mississippi Code Annotated section 11-51-29 (Rev. 2019) (requiring prepayment of appeal costs); (7) whether Mississippi Code Annotated section 93-11-65 (Rev. 2015) (governing testimony by children in divorce proceedings regarding custody preference) is an unconstitutional "prior restraint to [Roley's] children's right to free speech" and whether the chancellor violated the "minor children's First Amendment rights when [he] prevented them from testifying as to their custody preference"; (8) whether the Mississippi Electronic Courts (MEC) filing system "gives an unconstitutional advantage to represented litigants over pro se litigants," requiring "that pro se litigants be added to the MEC system" to remedy the situation; (9) whether the chancellor erred when he denied [Roley's] post-appeal motion to modify visitation with his children; and (10) whether the costs in this appeal should be taxed to the chancery court.

*Roley I*, 329 So. 3d at 480-81 (¶1).

¶5. Addressing the grant of divorce, the opinion notes, "We include within this assignment of error [Roley's] assertions that the chancellor erred (1) when he determined that Chinelo met her burden of proof supporting a divorce based on habitual cruel and inhuman treatment using a 'preponderance of the evidence' standard." *Id.* at n.1. The opinion further states:

3

> [Roley] asserts that a preponderance-of-the-evidence standard should not be applied in a habitual-cruel-and-inhuman-treatment case; he asserts a clear-and-convincing burden is more appropriate. However, since 1974, the Mississippi Supreme Court has held that a divorce on the ground of habitual cruel and inhuman treatment must be established by a preponderance of the evidence. *See, e.g.*, *Wangler v. Wangler*, 294 So. 3d 1138, 1142-43 (¶16) (Miss. 2020), reh'g denied (May 7, 2020); *Smith v. Smith*, 614 So. 2d 394, 396 (Miss. 1993); *Wires v. Wires*, 297 So. 2d 900, 902 (Miss. 1974). This Court has likewise recognized that a preponderance of the evidence standard applies in establishing this fault-based ground for divorce. *See, e.g.*, *Gilmer*, 297 So. 3d at 331 (¶15).
>
> Accordingly, we reject [Roley's] contention on this point because as an intermediate appellate court, we are bound by established precedent and are not authorized to overrule a long line of cases that goes back many decades supporting this principle. As we stated in *Beckham v. Beckham*, 296 So. 3d 120, 124 n.4 (Miss. Ct. App. 2019): "[T]his Court does not have the authority to overrule or ignore Supreme Court precedent[.]" (quoting *Cahn v. Copac Inc.*, 198 So. 3d 347, 358 (¶35) (Miss. Ct. App. 2015)). Instead, we must follow it. *Id.* (citing *Rivera-Guadiana v. State*, 71 So. 3d 1221, 1224 (¶14) (Miss. Ct. App. 2011), *reh'g denied* (Mar. 24, 2020), *cert. denied*, 297 So. 3d 1109 (Miss. 2020)).

*Id.* at 491, n.10.

¶6.     Following this Court's denial of rehearing, the Mississippi Supreme Court unanimously denied Roley's petition for certiorari review.

        *Roley II*

¶7.     After this Court's mandate issued in *Roley I*, Roley filed a "Rule 60(B)(1)(5)(6) Motion for Relief From the Divorce Order" in the Jackson County Chancery Court. *Roley II*, 394 So. 3d at 987 (¶4). The chancery court denied the motion. *Id.* at (¶5). On appeal, the majority of issues raised by Roley were duplicative of the issues that had been directly addressed in *Roley I*; we therefore declined to address the merits of these issues, finding that

they were barred by the mandate rule.[2] *Id.* at 988 (¶6).

> *Roley III* (current proceedings)

¶8. Here, Roley filed another Rule 60 motion in the chancery court again asking that his divorce decree be set aside. At a hearing on the motion, Roley again argued that the divorce decree was void because the chancellor applied the wrong burden of proof. He also pointed to factually contrasting cases in which habitual cruel and inhuman treatment had not been proven. The chancellor denied the motion. Roley again appeals pro se.

## DISCUSSION

¶9. Roley characterizes his appeal as "an attack on the legal sufficiency of the burden of proof required to prove HCIT," arguing that *Wires v. Wires*, 297 So. 2d 900 (Miss. 1974), should be overturned. Roley titled his brief "Rule 60(b)(4) Appeal on *Wires*" and requested the Mississippi Supreme Court to take assignment of the case. Given our lack of authority to overrule controlling supreme court precedent, Roley argues that "[a]ssigning this question to the COA would be a formal exercise in uselessness."[3] Roley renews the same argument he made in *Roley I* and *Roley II*: that his divorce is void because the standard of proof for a

---

[2] The Court affirmed the chancellor's decision to hold Roley in contempt for the failure to pay child support. *Roley*, 394 So. 3d at 989 (¶17). That issue was not barred by the mandate rule. *Id.*

[3] Roley has filed a motion asking this Court to find that we lack subject matter jurisdiction over this appeal due to our lack of authority to overturn controlling caselaw from the Mississippi Supreme Court. We deny the motion. "The Supreme Court may, by statute, assign *any* appeal to" this Court. M.R.A.P. 16(b) (emphasis added). None of the six statutory exceptions is applicable to this circumstance. *See id.* (citing Miss. Code Ann. § 9-4-3 (Supp. 1994)).

habitual cruel and inhuman treatment divorce should be clear and convincing.[4]

¶10.    For the same reasons we thoroughly set out in *Roley II*, Roley's current Rule 60 motion is another attempt to impermissibly sidestep the Court's mandate in *Roley I*. "Simply put, Rule 60(b) is not a procedural vehicle for a trial court to overturn a mandate issued from *this* Court." *Roley II*, 394 So. 3d at 988 (¶9) (internal quotation marks omitted) (quoting *Scruggs v. Farmland Mut. Ins. Co.*, 359 So. 3d 1045, 1046 (¶3) (Miss. 2023)). "Trial courts lack jurisdiction to entertain such requests[.]" *Id.* (internal quotation marks omitted) (quoting *Scruggs*, 359 So. 3d at 1046 (¶3)). "Once 'a case has been decided by an appellate court on appeal, whatever was before the appellate court, and disposed of by its decree, is considered as finally settled.'" *Id.* at (¶11) (quoting *Scruggs*, 359 So. 3d at 1046 (¶5)); *see also Griner v. Griner*, 282 So. 3d 1243, 1250 (¶¶23-25) (Miss. Ct. App. 2019).

¶11.    Given that we thoroughly analyzed the mandate rule and its application to Roley's divorce in *Roley II*, we decline to expound further here. As in *Roley II*, the chancery "court lacked jurisdiction to entertain [Roley's] attacks on the prior orders of the chancery court once they were upheld on appeal," and "[Roley's] claims for relief are simply attempts to evade the mandate from this Court." *Roley II*, 394 So. 3d at 987-88 (¶6).[5]

---

[4] Under the logic of Roley's argument, all habitual cruel and inhuman treatment divorces that have been granted since 1974 would be void.

[5] Roley argues that the Mississippi Supreme Court's recent ruling in *Howell v. State*, 358 So. 3d 613 (Miss. 2023), and *Howell*'s progeny constitute intervening caselaw that apply retroactively to void his divorce decree. In *Howell*, the Mississippi Supreme Court eliminated the fundamental rights exception to the statutory time bars in the Uniform Post-Conviction Collateral Relief Act, categorizing the statute of limitations as substantive, not procedural. *See also Ronk v. State*, 391 So. 3d 785, 793-94 (¶¶22-23) (Miss. 2024) (ineffective assistance of post-conviction counsel claims not excepted from time-bar).

## CONCLUSION

¶12.     Roley is divorced. This divorce is final. This Court's mandate affirming the grant of the divorce issued years ago. The Mississippi Supreme Court unanimously denied certiorari review of *Roley I*.[6] The chancellor was correct to deny Roley's renewed Rule 60 motion. As we held in *Roley II*, we reiterate again here in *Roley III*: Rule 60 is not a vehicle to sidestep the mandate of an appellate court. The judgment of the chancery court is affirmed.

¶13.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. LAWRENCE, J., NOT PARTICIPATING.**

---

*Howell* and *Ronk* do not appear relevant to the question of what burden of proof applies to at-fault divorces. Regardless, we do not have the authority to overturn controlling case law.

[6] The Mississippi Supreme Court dismissed Roley's petition for writ of certiorari in *Roley II* as untimely filed.